Dear Mayor Lindsey:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask if your city council can pass a zoning ordinance which restricts the moving of mobile homes into Tallulah?
You also ask if this restriction on mobile homes can be applied retroactively?
Your first question is answered by Article VI, Section 17 of the Louisiana Constitution of 1974. This constitutional provision gives local governmental subdivisions the authority to adopt regulations for zoning and to create commissions and districts to implement those regulations. Also, LSA-R.S. 33:4721 — 4729 set forth the authority for regulating the use of buildings and land. More particularly, LSA-R.S. 33:4721 provides in pertinent part the following:
For the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of all municipalities may regulate or restrict . . . the location and use of buildings, structures, and land for trade, industry, residence, or other purpose.
It is clear that Section 4721 grants the authority to regulate the location of mobile homes within the city limits of Tallulah.
Your second question asks if zoning restrictions can be applied retroactively. As stated above, the city council is given the authority to enact zoning restrictions prospectively. The issue of zoning ordinances which restrict property retroactively was addressed by the Louisiana Supreme Court in Redfearn v. Creppel, 455 So.2d 1356, (La. 1984). In this opinion Justice Dennis defines the term "conforming use" as:
A use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with the use restrictions applicable to the area in which it is situated.
The opinion goes on to state that nonconforming uses of property are designed to avoid hardship, injustice, and the doubtful constitutionality of compelling the immediate removal of objectionable buildings and uses already in the area.
This is the situation with the zoning ordinance which prohibits trailers, mobile homes, modular homes and metal buildings from being allowed to remain in Tallulah. Rather than retroactively applying zoning ordinances, municipalities generally allow for nonconforming uses of property. Otherwise, the City of Tallulah may be effecting an unconstitutional "taking" of private property if residents are required to move mobile homes, trailers or modular homes. This may actually be a deprivation of property without due process and without just compensation which is prohibited by the United States Constitution, Amendment V, and by the Louisiana Constitution Article 1, Section 4. In Layne v. City ofMandeville, 633 So.2d 608 (La.App. 1st Cir. 1993), writ denied, 94-0268 (La. 3/25/94), 635 So.2d 234, the court stated that a governmental taking may occur in the form of zoning or rezoning. Such is the case in Tallulah. If people are required to move their homes many questions arise. Where will these people live? Who will pay for the moving? Where will the homes be moved? Are the property owners entitled to compensation for moving expenses and for substantial diminution of the remaining property?
Therefore, it is the opinion of this office that the retroactive application and enforcement of the zoning ordinance may be unconstitutional. According to the Layne (supra) court, whether or not this zoning restriction constitutes an unconstitutional taking is a factual determination.
We trust your questions have been sufficiently answered. However, if you should need anything further from this office, do not hesitate to call.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ Frances J. Pitman ASSISTANT ATTORNEY GENERAL
CCF, Jr.:FJP:sc